Gaston, Judge.
This action was instituted in the name of David L. Swain, Governor of the state and successor to Montfort Stokes late Governor, against the defendants upon a bond executed by them as the sureties of Stephen Allred, a constable, and payable to the said Stokes and his successors in office. The plaintiff having obtained a judgment below, the .defendants insist that the judgment is erroneous and pray for its reversal on two grounds.
In the first place it is insisted that the bond is so variant from that which the law required to be given, that it is not an official bond capable of passing in succession. The alledged incompatibility between the law and the bond is to be found in the condition. Previously to 1818, our acts of Assembly required that every constable should execute a bond with sureties, “ conditioned for the faithful discharge of *57 his duty.” In that year it was enacted, (See 1 Rev. stat. c. 24, sec. 7,) that the bond of the constable should be conditioned, “ as well for the faithful discharge of his duty as constable as for his diligently endeavouring to collect all claims put into his hands for collection, and faithfully paying over all sums thereon received either with or without suit to the persons to whom the same might be due.” This is the last act passed in relation to the conditions of constables bonds. In the bond declared on, the condition is, “ that the said Stephen shall well and faithfully execute the office of constable during his continuance in office agreeably to an act of Assembly, in such case made and provided. In answer to the objection made, it has been said in the first place, that the act of Assembly referred to must -be understood to be the act of 1818, because by prescribing that thenceforth every constable’s bqnd should stipulate for diligence in en-deavouring to collect all claims put into his hands, and fidelity in accounting for all moneys received on such claims, the act thenceforth made such diligence and fidelity official obligations — and because the act of 1818, was the existing act, containing the latest and fullest exposition of the duties of constables, the performance whereof was to be secured by official bonds, and it was further argued that if the act referred to can be judicially understood to be the act of 1818, then by the reference, the terms of the condition are made to correspond with those required by that act. and the case is brought within the operation of the principle sanctioned by this Court in Rhodes v. Vaughan, 2nd Hawks, 162, that where an office bond is so drawn as substantially to include every obligation, and to afford every opportunity of defence intended by the law, it is sufficient, however in-artificial, defective, or redundant its language. The Court is inclined to think this a sufficient answer to the objection, but it does not deem it necessary so to decide for another .answer has been given which is entirely satisfactory. Whether the words of reference can or cannot be understood as declaring with distinctness, the purpose of the ob-ligors to stipulate for all, which the act of 1818 requires shall be inserted in the official bond — and regarding the words of reference as uncertain or unmeaning, nevertheless *58 ^le condition d.oes contain a stipulation for the faithful performance of the officer's duties. If it contain not all *■ . . which the State had a right to require, should be found in. condition of such a bond, it contains nothing which the State had not a right to require should be put into it. It imposes on the obligors no liability beyond that which the law declared should be imposed upon them, and they cannot' complain that it does not impose a further liability which might rightfully have been exacted. The public functionaries might perhaps have refused to accept of the bond as being defective, but having been received, the defendants cannot object to it as illegal. Williams v. Yarborough, 2 Dev. 14. There is nothing in the bond contrary to law or inconsistent with it. The most that can be objected, is that the bond falls short of the requirements of the law.
When sheriff re-execution “ Fieri fa-cí 35 and retains the money he' is immediately liable to the plaintiff’s action as for money had and received, or for a breach of his official bond*.
*58 The next error assigned is that the Judge erred in holding that a sufficient breach was established by shewing that the principal of the defendants had collected money for the relator without shewing any demand upon him for payment. As the case does not set forth any facts which' would excuse or dispense with a demand, if by law such a demand be in general necessary, we must understand that it was the opinion of his Honor and such the import of his instruction, that it is the duty of a constable who has collected money, to seek out the creditor and pay it over to him without request. We believe this opinion to be erroneous. It was settled in the case of Potter v. Sturges, 1 Dev. 79, that a constable who has thus collected, is in the nature of an accountable agent — -and it follows from the principle there established, that he is guilty of no breach of duty until he refuses to account, or misapplies what he has received. With respect to sheriffs who collect money on executions issued from courts, it is to be recollected that the exigency of these writs is to have the money in Court. With them a failure to return the money is of itself a breach of duty. There can be no question therefore when a sheriff returns on such an execution “ Fieri fad,” and retains the money, km that he is immediately liable to the plaintiff’s action as for money had and received, or for a breach of his official bond. In England indeed, the usage of keeping the money *59 ira the sheriff’s office for the purpose of satisfying the plaintiff is so fixed, that for the protection of a sheriff who has acted upon thié usage in good faith, aud who has been ready to pay the money on demand, the Court will stay the proceedings in such an action on the payment of the money levied without costs, Jeffries v. Sheppard, 3 Barn and Ald 696. In oiir country as there is no such fixed usage, it is presumed that so extensive an indulgence would not be granted to a sheriff. But there is no court • or office .into which by law, or by the terms of their writs of execution constables are to return moneys by them collected. They are bound therefore to hold as well as collect for the persons entitled, and thus to perform the entire duty which upon court executions the law has divided between the Sheriff and the Clerk. It is not a breach of duty therefore in the constable to hold — but only to withold the money. Nor is the nature of this duty at all altered by the provisions in the act of 1818, or by the stipulations of a bond made in conformity to that act. Before that act was passed, it was very common to put notes and accounts into the hands of constables for collection, either by warrant or without warrant, as might be found expedient. Many collections were made from the debtors without putting these claims into suit, and for moneys thus collected ; the official bond of the constable afforded no security as the money was not collected by virtue of his office. Often too, it happened that the claims were lost because of neglect to put them in suit, and for this injury the official bond afforded no redress, as it was no part of his official duty to cause suits to be instituted. The purpose of the act is to secure by a proper bond to the persons thus employing constable’s diligence in prosecuting these claims, and faithfulness in paying over what may be received. But neither the act, nor the condition of the bond was intended to alter the measure of faithfulness, or the mode of making payment These depended on the character and the duties of him whose faithfulness was to be secured. He was faithfully to pay all moneys whether collected by suit or-without suit, but to pay as one whose duty it is by law to hold securely what has been received until called to an account therefor. To support the breach *60 alledged in this case, evidence of a demand was necessary such misapplication of the moneys received, or of such misconduct on the part of the constable as established unfaithfulness in accounting with, and paying over to the relator what he was entitled to receive.
Because of the error thus sustained, the judgment must be reversed, and a venire de novo awarded.
Per Curiam. Judgment reversed.